IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA

v.                                              CASE NO. 5:14cr28-RH

CARMEN THERESA SILVA,

     Defendant.

_____/

**ORDER DENYING RELIEF FROM THE SENTENCE**

     The defendant Carmen Theresa Silva pleaded guilty to a drug conspiracy offense. Her sentence was substantially below the low end of the guideline range. The sentence took full account of Ms. Silva's role in the offense.

     Ms. Silva now has filed two motions seeking relief from the sentence. Both are based on United States Sentencing Guidelines Amendment 794. The amendment clarified the circumstances in which a defendant qualifies for a downward adjustment of the offense level based on the defendant's role in an offense.

     For three reasons, Ms. Silva is not entitled to relief.

First, it is unlikely Ms. Silva would have received a minor-role reduction, even had the amendment been in effect.

Second, Amendment 794 does not allow a district court to reduce a sentence that was imposed before the Amendment took effect. Under 18 U.S.C. § 3582(c), a district court "may not modify a term of imprisonment once it has been imposed," subject to specific exceptions. The only exception dealing with guideline amendments provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, *if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission*.

*Id.* § 3582(c)(2) (emphasis added). The "applicable policy statements issued by the Sentencing Commission," within the meaning of § 3582(c)(2), are set out in *United States Sentencing Guidelines Manual* § 1B1.10. That section lists the amendments that may be applied retroactively—that is, the amendments under which a court may reduce a sentence that has already been imposed. The Commission has not added Amendment 794 to the list of retroactive amendments. A court thus may not reduce a sentence under Amendment 794.

Third, I fully considered all the circumstances of the offense, including Ms. Silva's actual role, in determining the sentence. The sentence was far below the

guideline range as calculated at the time of sentencing and would still be far below the guideline range if recalculated to reflect a minor- or even minimal-role reduction in the offense level. In short, if Ms. Silva's guideline range was recalculated as she advocates and a new sentencing was conducted, Ms. Silva would receive exactly the same sentence as was already imposed.

For these reasons, this order denies both of Ms. Silva's motions. One of the motions invokes 28 U.S.C. § 2255. To appeal the denial of a § 2255 motion, a defendant must obtain a certificate of appealability. Ms. Silva has not met the standard for such a certificate. But Ms. Silva may appeal the denial of her other motion without a certificate of appealability.

IT IS ORDERED:

1. Ms. Silva's motions for relief from her sentence, ECF Nos. 292 and 293, are denied.

2. A certificate of appealability is denied.

3. The magistrate judge's order of October 3, 2016, ECF No. 294, is vacated.

SO ORDERED on October 7, 2016.

                                                    s/Robert L. Hinkle
                                                    United States District Judge